Mortimer P. and Elizabeth A. Cullity v. Commissioner.
Cullity v. Commissioner
Docket No. 1639-69 "SC".
United States Tax Court
T.C. Memo 1969-248; 1969 Tax Ct. Memo LEXIS 47; 28 T.C.M. (CCH) 1275; T.C.M. (RIA) 69248; November 24, 1969, Filed. *47 Mortimer P. Cullity, pro se, Arcade Gardens, Apt. 24-12, Madison Township, N. J. James A. McNabb, Jr., for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1966 in the amount of $300.10. The only issue for decision is whether petitioners are entitled to deduction for a dependency credit exemption for each of the two sons of Mortimer P. Cullity for the year here in issue. Findings of Fact Some of the facts have been stipulated and are found accordingly. 1276 Mortimer P. and Elizabeth A. Cullity, husband and wife who resided at the time their petition in this case was filed in Madison Township, New Jersey, filed a joint Federal income tax return for the calendar year 1966 with the district director of internal revenue at Newark, New Jersey. Mortimer P. Cullity (hereinafter referred to as petitioner) and Joan I. Cullity (hereinafter referred to as Joan) were married on August 18, 1951. Two children were born of this marriage, Paul E. Cullity, born June 6, 1952, and Gerald J. Cullity, born July 24, 1953. On February 26, 1963, a decree was entered *48 granting a divorce of Mortimer P. and Joan I. Cullity. Custody of the children was granted to Joan, and petitioner was required under the decree to pay $70 per month for support of each of the two children. During the calendar year 1966 Paul and Gerard resided with Joan, and petitioner paid $840 for support of each of the children. From January through the end of September 1966 Joan resided in an apartment with the two children. From the beginning of the year until the time of her father's death in August, the mother and father of Joan also resided in the apartment, and Joan's mother continued to reside in the apartment after Joan's father's death. The rental of the apartment was $63 a month and during the period January 1 through September, Joan paid a total rental of $504, the rent for one month having been paid in a previous year. In addition, Joan paid for the electricity and the telephone in the apartment. The first of October 1966, Joan and the two children and Joan's mother moved from the apartment into a house in Sparta, New Jersey. Joan paid $125 a month rent for the house or a total of $500 for the remaining 4 months of 1966. She also paid for heating oil, electricity, *49 and telephone in the house. Joan's mother and father assisted Joan by looking after the children when they were not in school and helping with the household chores and errands. Joan also owned until the end of September a house at Highland Lakes, New Jersey which was a summer recreation area. During the year she paid $488 on mortgage payments and paid for bottled gas and other utilities in that house. Comparable houses rented during the summer months for approximately $100 a week, and on a year-round basis for approximately $125 a month. The family spent the summers there so that the boys could have the advantage of recreation instead of going to summer camp. Joan also paid a fee in 1966 of $60 for use of club facilities at Highland Lakes and paid $51.50 for use of club facilities at Lake Mohawk Country Club after she moved to Sparta. Gerard attended parochial school from January to June and from September through December of 1966. Paul attended parochial school from January through June 1966, and from September through December he attended Pope John XXIII High School. There were some charges for fees in connection with the parochial school, a lunch charge, and the students at *50 the parochial school paid for their books. In addition there was a tuition charge at Pope John XXIII High School. Field trips for the children were also provided by the schools for which a payment was required. Joan paid medical and dental bills for the children, bought their clothes and presents for them, paid for their entertainment and gave them $1 a week allowance. The grocery bill for Joan, the two boys, and Joan's mother and father was approximately $50 a week. The minimum amount expended by Joan for support for Paul during the calendar year 1966 was $1,780, and the minimum amount expended for support of Gerard during this year was $1,720. Petitioner on his Federal income tax return claimed a dependency exemption for each of his two sons. Respondent in his notice of deficiency disallowed the claimed deduction. Ultimate Finding of Fact Petitioner has failed to establish that he contributed over one-half of the support of either Paul or Gerard during the calendar year 1966. Opinion The issue here is purely factual. Joan was the only witness. She testified that she allocated $10 per week of her grocery bill to each of her children, that she allocated one-fifth of the *51 rental payments during the first 8 months of the year and one-fourth thereafter to the children, and allocated to them one-fifth of what she considered the fair rental value of their vacation home. She testified that educational expenses for Paul were at least $360 and for Gerard at 1277 least $305 including payments for school lunches, that their medical expenses were at least $45 each, their clothes $150 each, that presents for Paul were at least $85 and for Gerard $80, and that their entertainment, aside from their pro rata share of the country club payments, was at least $1 per week. In our view Joan's allocations were on the conservative side, and totaling up the various items and also making an allocation of the utilities, we arrived at the minimum cost of the boys' support which we have set forth in our findings of fact. It is therefore apparent that petitioner did not contribute over one-half of the support of either Paul or Gerard during the calendar year 1966. Decision will be entered for respondent.